(88 South. 245)

No. 23158.

### HOLTZ v. LANGE et al.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

Municipal corporations ⊚⇒706(5)—Evidence held not to prove truck driver at fault for collision with automobile trying to pass truck.

In action for injuries to occupant of an automobile which collided with automobile truck, going in same direction, when the automobile tried to pass the truck, involving the question of whether the truck swerved to the left or the automobile swerved to the right when automobile was opposite truck, trying to pass it, evidence *held* insufficient to prove that the truck driver was at fault.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Elizabeth Fredericks Holtz against August Charles Lange and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wm. V. Seeber and E. J. Jacquet, both of New Orleans, for appellant.

Terriberry, Rice & Young, of New Orleans, for appellees.

O'NIELL, J. Plaintiff appeals from a judgment rejecting her demand for damages for personal injuries.

While she was riding in a Ford automobile, driven by her son, a collision occurred between the automobile and a truck belonging to the defendants and operated by their employee. The Ford car was turned over, and plaintiff was seriously hurt. The only question at issue is whether the driver of the truck was at fault. The truck was pulling a trailer and going up St. Claude avenue,

in New Orleans, at a speed of about six or eight miles an hour. The truck and trailer were loaded with a party of about 30 men, women and children, returning from a picnic. Plaintiff's automobile approached from the rear and attempted to pass on the left side of the truck. Plaintiff's son, who was driving the automobile, blew his horn several times as a signal of his intention to pass the truck, but the driver of the truck did not hear the signal. The truck, however, was on the right side of the driveway, and there was ample room for the automobile to pass on the left side of the truck. While it was passing, the two vehicles collided. Plaintiff's version of the accident is that the driver of the truck, without giving any warning, swerved to the left and struck the side of the automobile. Defendants' version of the accident is that the young man who was driving plaintiff's automobile, and who had had very little experience as a chauffeur, allowed his car to graze the curbing on the left side of the driveway, which caused him to lose control of the steering gear, and caused the automobile to swerve to the right and strike the front fender of the truck.

There is a preponderance of evidence in support of defendants' theory as to how the accident happened. The truck remained always on the right side of the driveway, and it was stopped almost instantly, within a distance of three or four feet, when the accident occurred. The Ford car passed the truck and turned upside down, immediately in front of the truck, on the right side of the driveway. In fact, both cars stopped so far on the right side of the driveway that other automobiles could and did pass them on the left side, after the accident. Defendants' theory as to how the accident occurred is corroborated by the relative positions in which the two vehicles were stopped at the moment of the accident. It

is also corroborated by the fact that the Ford automobile was going much faster than the truck, when the collision occurred, and by the further fact that the driver of the truck was a man of much experience as a chauffeur and even as an automobile mechanic, while the young man who drove the Ford car had had very little experience. In fact, he had only received the new Ford car on the day before the accident, and it appears that he was then being instructed in the operation of the car. After a careful review of the evidence in this case, we concur in the conclusion of the district judge that plaintiff failed to prove that the driver of the defendants' truck was at fault.

The judgment appealed from is affirmed, at appellant's cost.

DAWKINS, J., takes no part.